Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 620 | **DATE** | 5/5/2004 |
| **CASE TITLE** | Mount of Olives Paralegals, et. al. vs. Bush, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Welsh's motion to dismiss is granted. Plaintiffs' complaint is dismissed without prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 MAY -5 PM 3:12 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOUNT OF OLIVES PARALEGALS and RABBI K.A. ISRAEL, guardian and son of the dearly departed Ms. Louise (Garth) Richardson,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE W. BUSH, JR.,<br>President of the United States, et al.,<br><br>Defendants. | No: 04 C 620<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

DOCKETED MAY 0 6 2004

Plaintiffs, Mount of Olives Paralegals and Rabbi K. A. Israel, filed suit against Defendants – President George W. Bush; Vice President Dick Cheney; Speaker of the House of Representatives Dennis Hastert; Attorney General John Ashcroft; the Director of the Office of Budget and Management; the Director of Housing and Urban Development; the Solicitor General of the United States; and Althea K. Welsh, Senior Counsel of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois. Plaintiffs primarily allege that Welsh and the other Defendants failed to comply with their request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Presently before the Court is the Motion to Dismiss of Althea K. Welsh or to Reconsider Grant of Plaintiffs' Application to Proceed *In Forma Pauperis*. For the following reasons, Welsh's Motion to Dismiss is granted; and Plaintiffs' Complaint is dismissed.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A district court may also take judicial notice of matters of public record without converting the pending motion into a request for summary judgment. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

On January 20, 2004, Plaintiffs filed an action in the United States District Court for the Southern District of Illinois; and the matter was placed on the docket of the Honorable David R. Herndon. Def.'s Mot. to Dismiss, Ex. 2. Plaintiff also filed motions to proceed *in forma pauperis* and for the appointment of counsel. On January 23, 2004, the district court presiding over that action, *sua sponte*, denied Plaintiffs' motion to proceed *in forma pauperis* and dismissed, without prejudice, Plaintiffs' action. *Mount of Olives Paralegal v. Bush*, No. 04-cv-

0044-DRH (S.D. Ill. Jan. 23, 2004) (unpublished opinion) (*Mount of Olives*); Def.'s Mot. to Dismiss, Ex. 3.

On January 27, 2004, Plaintiffs filed, in the United States District Court for the Northern District of Illinois, a Complaint that is virtually identical to the complaint Plaintiffs filed in the Southern District of Illinois; the only difference was that Plaintiffs changed the name of the court that the complaint was filed. Def.'s Mot. to Dismiss, Ex. 1. Plaintiffs subsequently filed motions to proceed *in forma pauperis* and for the appointment of counsel. Plaintiffs' motion to proceed *in forma pauperis* was granted. Thereafter, Defendant Welsh filed the instant motion.

In Plaintiffs' Complaint, Israel alleges that Defendant Welsh, Senior Counsel for the Disciplinary Commission, and the other federal government Defendants somehow failed to comply with a request made by Plaintiffs under FOIA, 5 U.S.C. § 552. Plaintiffs' Complaint also raises various unspecified allegations against Defendants and a non-Defendant, Stephen A. Clark. No allegations were made against Defendants in their individual capacities.

## ANALYSIS

Welsh essentially argues that Judge Herndon's ruling should be given preclusive effect and this matter should not be permitted to proceed. In the alternative, Welsh contends that other reasons exist to dismiss Plaintiffs' Complaint. Under the Prison Litigation Reform Act of 1996, a court must dismiss an action, even if pauper status has been granted, if the case: (1) is frivolous, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary remedies against a Defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

According to Judge Herndon's opinion, Israel sought to use the provisions of FOIA against the Illinois Disciplinary Commission and members of the federal government to uncover

documentation regarding the alleged wrongful death of his mother. However, Israel failed to allege that he sent a FOIA request to the relevant agencies and exhausted his administrative remedies. Also, Israel could not use the federal FOIA statute against the Illinois Disciplinary Commission, and his claims against Welsh and the other Defendants were "null." *Mount of Olives*, No. 04-cv-0044-DRH, slip. op at 4.

Israel filed an identically-worded Complaint in the Northern District of Illinois. Israel has not "avoided the problem that had caused the dismissal of his previous suit," and re-litigation of these issues is precluded. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

Even if this litigation is not so precluded, Israel's claims still fail. First, the Disciplinary Commission is an agency created by the Illinois Supreme Court under Illinois Supreme Court Rule 751; and the federal FOIA statute may not be used against state agencies. *E.g., Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999). Second, to the extent Plaintiff is attempting to seek damages against the Disciplinary Commission, those damages are barred by the Eleventh Amendment. *Johnson v. Supreme Court*, 1140, 1140-41 (7th Cir. 1999). Third, Plaintiff has failed to include any allegations stating that he sent FOIA requests to the relevant agencies and exhausted FOIA's administrative procedures. *See* 5 U.S.C. § 552(a)(6)(C)(i).

Even construing the Complaint liberally, it is not possible to hypothesize facts that would state a claim against any Defendant. It is not possible to discern what relief Plaintiff is seeking, which Plaintiff is seeking relief, why Mount of Olives Paralegals is included as a Plaintiff, or why various representatives of the federal government are included as Defendants. Accordingly, the remainder of Plaintiffs' Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, Welsh's Motion to Dismiss is granted; and Plaintiffs' Complaint is dismissed without prejudice.

Dated: May 5, 2004

JOHN W. DARRAH
United States District Judge